# PHILLIPS DAYES
NATIONAL EMPLOYMENT LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS
docket@phillipsdayeslaw.com
TREY DAYES, No. 020805
SEAN DAVIS, No. 030754
(602) 288-1610 ext. 301
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Crowder; | Case No.: _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Bravo Cleaning Services, LLC, an Arizona limited liability company; Rafael Bravo and Jane Doe Bravo, husband and wife | |

Plaintiff Brian Crowder, for his Complaint against Defendants, alleges as follows:

### NATURE OF THE CASE

1.     The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2.     Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of

employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3.   Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

4.   Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5.   Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6.   This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

7.   Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside within the State in which this District Court is located and because a substantial part of the events or omissions giving rise to this matter occurred in this District.

8.   The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur

1    within the District of Arizona and, more particularly, within Maricopa County, Arizona,

2    as more particularly described herein so as to give rise to both subject matter and

3    personal jurisdiction of this Court.

4                                    **PARTIES**

5         9.     At all times material hereto, Plaintiff was a resident of Maricopa County,

6    Arizona.

7         10.    At all times material hereto, Bravo Cleaning Services, LLC was

8    incorporated in the State of Arizona with its principal place of business in Maricopa

9

10   County, Arizona.

11        11.    Upon information and belief, at all times material hereto, Defendant Rafael

12   Bravo, was and continues to be a resident of Maricopa County, Arizona.

13        12.    Jane Doe Bravo is Rafael Bravo's wife.  Rafael and Jane Doe Bravo have

14   caused events to take place giving rise to this Complaint as to which their marital

15   community is fully liable.

16        13.    Upon information and belief, and consistent with the information available

17   from the Arizona Corporation Commission, Defendant Rafael Bravo was and is the

18   owner of Bravo Cleaning Services, LLC

19

20        14.   At all relevant times, Plaintiff was an "employee" of Defendants, as defined

21   by 29 U.S.C. § 203(e)(1).

22        15.   The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

23        16.   At all relevant times, each of the Defendants was and continues to be an

24   "employer" as defined in 29 U.S.C. § 203(d).

25

17.   Each of the Defendants should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

18.  Defendant Rafael Bravo is deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216.

19.   All Defendants are co-equally liable for all matters.

20.   Defendant Rafael Bravo made all decisions on the daily activities of his employees and is therefore individually liable under the FLSA.

21.   Defendant Rafael Bravo makes all decisions regarding pay policies for Bravo Cleaning Services, LLC.

22.   Defendant Rafael Bravo exerted financial control over Bravo Cleaning Services, LLC.

23.   Defendant Rafael Bravo exerted operative control over Bravo Cleaning Services, LLC.

24.   Defendant Rafael Bravo has the power to close Bravo Cleaning Services, LLC.

25.   Defendant Rafael Bravo has the power to hire and fire employees.

26.   Defendant Rafael Bravo hired managerial employees.

27.   On information and belief, Defendant Rafael Bravo maintained employment records.

28.   On information and belief, Defendant Rafael Bravo dictated the corporate message in pending labor investigations.

29.   Defendant Rafael Bravo profited from the FLSA violations detailed in this complaint.

30.   At all times material to this action, each of the Defendants was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

31.   As a resurface technician, Plaintiff handled supplies, such as countertops, kitchen items, granite, concrete, and radios that originated out of state.

32.   Plaintiff's uniform that he was required to wear moved in interstate commerce.

33.   Plaintiff engaged in commerce or in the production of goods for commerce and is therefore individually covered under the FLSA pursuant to 29 U.S.C. §§206(a), 207(a)(1), 212(c).

34.   Plaintiff was involved in transacting business across state lines via interstate telephone calls or the U. S. Mail which included taking new orders from customers.

35.   Plaintiff was involved in ordering or receiving goods from out-of-state suppliers.

36.   Plaintiff was involved in handling the accounting or bookkeeping for the ordering or receiving of goods from out-of-state suppliers.

37.   Plaintiff also handled credit card transactions that involved the interstate banking and finance systems.

38.   On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

# FACTUAL BACKGROUND

39. Bravo Cleaning Services, LLC is a residential and commercial cleaning and resurfacing company in Arizona.

40. Bravo Cleaning Services, LLC hired Plaintiff in July of 2014 as a resurfacing technician.

41. Plaintiff's job duties and responsibilities included traveling to homes or business of clientele of Defendants and resurfacing and creating enclosures for bath tubs and resurfacing bathroom and kitchen countertops.

42. Plaintiff's job was that of pure manual labor.

43. Bravo Cleaning Services, LLC compensated Plaintiff on a per job basis.

44. Bravo Cleaning Services, LLC treated Plaintiff as a 1099, independent contractor.

45. Defendants withheld taxes out of Plaintiff's paycheck pursuant to IRS regulations.

46. Plaintiff was a non-exempt employee of Defendants, not an independent contractor.

47. Defendants attempted to create an independent contractor relationship with Plaintiff even though he was an employee of Bravo Cleaning Services, LLC.

48. Defendants suffered and permitted Plaintiff to work for Defendants without properly compensating Plaintiff for all his time spent working.

49. Defendants had complete control over the manner in which Plaintiff would complete his work. Plaintiff followed Defendants' strict and rigid requirements for the

1  performance of his work.

2      50.    The Defendants had the complete authority to exercise complete control

3  with respect to all details of the employment relationship between the parties.

4      51.    The work Plaintiff performed was not for a finite period of time, Plaintiff

5  was directed to report to job sites continually.

6      52.    Plaintiff was not allowed to take on any other work while in the employ of

7  Defendants.

8      53.    Plaintiff had no opportunity for profit or loss depending upon his skill as he

9

10  was paid a consistent wage for the work he did for Defendants. Plaintiff was not given

11  the opportunity to earn more based on his skill.

12      54.    Plaintiff made no investment in equipment to perform his work with

13  Defendants.

14      55.    Plaintiff's work was integral to Defendants' operation.

15      56.    Defendants' operated a resurfacing company.

16      57.    Plaintiff's tasks were directly related to actual resurfacing.

17      58.    If Defendants did not employ resurfacing technicians, Defendants' business

18  would cease to operate.

19      59.    Plaintiff would turn in time sheets or invoices that would detail the days

20

21  worked each week directly to Defendants.

22      59.    Plaintiff had no supervision or management responsibilities.

23      60.    Plaintiff could neither hire nor fire employees.

24

25

61.    Plaintiff had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out her job responsibilities.

62.    Defendants managed, supervised, and directed all aspects of Plaintiff's job duties and responsibilities.

63.    Plaintiff's primary duty was not the performance of work directly related to the management or general business operations of Bravo Cleaning Services, LLC or its' customers.

64.    Plaintiff's primary duty was not the performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction.

65.    Plaintiff did not perform work requiring advanced knowledge.

66.    Plaintiff did not perform work in a field of science or learning.

67.    Plaintiff did not have an advanced degree and was not required to have one to perform the work.

68.    The knowledge required to perform the work of resurfacing technician is not acquired by a prolonged course of specialized intellectual study.

69.    Plaintiff's work did not require consistent exercise of discretion and judgment.

70.    Plaintiff's work did not require him to analyze, interpret, or make deductions from varying facts or circumstances.

71.    Plaintiff's duties were carried out in a mechanical and routine manner and he had no authority to make independent decisions in performing those duties.

72. Plaintiff's work did not require invention, imagination, originality, or talent.

73. Plaintiff's work did not require creative or original analysis and interpretation.

74. Plaintiff's regular schedule was six days per week, 8.5 hours on average each day.

75. There were many weeks in which Plaintiff would also have to work Sundays.

76. Each and every week that Plaintiff has worked his regular schedule, he has worked over forty hours in a week.

77. By improperly classifying Plaintiff as an independent contractor, Defendants are depriving Plaintiff upwards of ten to fifteen hours of overtime pay each and every week.

78. Defendants did not pay Plaintiff overtime.

79. Plaintiff was not a commissioned employee.

80. Commissions did not consist of more than half of Plaintiff's weekly earnings.

81. Plaintiff has retained the law firm of Phillips Dayes National Employment Law Firm to prosecute her claims against Defendants on his behalf and has agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

## COUNT ONE
## OVERTIME VIOLATION—29 U.S.C. § 207

82. Plaintiff incorporates and adopts paragraphs 1 through 81 above as if fully set forth herein.

83.   While employed by Defendants, Plaintiff regularly worked multiple hours of overtime per week.

84.   Plaintiff was a non-exempt employee.

85.   Defendants have intentionally and willfully failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

86.   On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

87.   As the direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

88.   Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to one and one-half times her regular pay rate for each hour of overtime worked per week.

89.   In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

90.   On information and belief, Defendants' conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

91.   Defendants have not made a good faith effort to comply with the FLSA.

Plaintiff has been required to bring this action to recover her overtime compensation, and her statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a. Awarding Plaintiff overtime compensation in the amount due for all of his time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rate of pay while at work for Defendants, in an amount proved at trial;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

e. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f. For such other and further relief as the Court deems just and proper.

## COUNT THREE
## MISCLASSIFICATION AS INDEPENDENT CONTRACTOR

92. Plaintiff incorporates and adopts paragraphs 1 through 91 above as if fully

set forth herein.

93.     Plaintiff's working relationship with Defendants as described above was that of an employee, not independent contractor.

94.     Defendant misclassified Plaintiff as an independent contractor.

95.     In addition to providing Defendants with presumed justification to violate the FLSA, the misclassification also allowed Defendants not to pay employment taxes, shifting the burden onto the Plaintiff in the form of self-employment taxes.

96.     As a direct and proximate result of the misclassification, Plaintiff is entitled to compensation for payment of excess taxes and other lost benefits of the employer/employee relationship.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a.  Awarding Plaintiff the difference between the amount that should have been taxed if Plaintiff was appropriately classified and the amount that Plaintiff actually paid in self-employment tax.

    b.  Awarding Plaintiff liquidated damages in an amount equal to the self-employment tax award;

    c.  Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d.  For Plaintiff's costs incurred in this action;

    e.  Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the

payment due for that pay period until paid in full;

f.   Awarding Plaintiff post-judgment interest, at the highest legal rate, on

all awards from the date of such award until paid in full; and

g.   For such other and further relief as the Court deems just and proper.

**COUNT THREE**
**DECLARATORY JUDGMENT**

97.   Plaintiff incorporates and adopts paragraphs 1 through 96 above as if fully set

forth herein.

98.   Plaintiff and Defendants have an overtime compensation dispute pending.

99.   The Court has jurisdiction to hear Plaintiff's request for declaratory relief

pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

100. Plaintiff is entitled to declarations, and requests that the Court make

declarations as to the following matters and as to other matters deemed appropriate by the

Court:

a.   Defendants employed Plaintiff.

b.   Defendants are engaged in an enterprise covered by the overtime provisions

of the FLSA.

c.   Plaintiff individually is covered by the overtime provisions of the FLSA.

d.   Plaintiff was not an exempt employee pursuant to the FLSA.

e.   Defendants failed and refused to make payments of overtime compensation

to Plaintiff, in violation of the provisions of the FLSA.

f.   Defendants' failures to pay overtime compensation to Plaintiff were willful.

g.  Plaintiff is entitled to damages in the amount of overtime compensation not paid by Defendants at the rate of one and one-half times Plaintiff's regular rate of pay.

h.  Plaintiff is entitled to an equal amount as liquidated damages.

i.  Plaintiff is entitled to recover his costs and a reasonable attorney's fee incurred in prosecuting his claim.

101. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

102. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a.  Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

b.  Awarding Plaintiff his reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

c.  For such other and further relief as the Court deems just and proper

1    Dated: November 11, 2015

2                                    Respectfully submitted,

3                                    PHILLIPS DAYES NATIONAL EMPLOYMENT LAW

4                                    FIRM  PC

5                                    By: /s/ Trey Dayes
                                            Trey Dayes
6                                            Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25